Matthew P. Minser, Esq. (SBN 2963444)
Jessica N. Melgar, Esq. (SBN 311575)
SALTZMAN & JOHNSON LAW CORPORATION
1141 Harbor Bay Parkway, Suite 100
Alameda, California 94502
Telephone: (510) 906-4710
Email: mminser@sjlawcorp.com
Email: jmelgar@sjlawcorp.com

Attorneys for Plaintiffs, District Council 16
Northern California Health and Welfare Trust Fund, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, and its JOINT BOARD OF TRUSTEES; ROBERT WILLIAMS and JOHN MAGGIORE, Trustees;

NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION TRUST FUND, and its JOINT BOARD OF TRUSTEES; ROBERT WILLIAMS and CHRIS BAGATELOS, Trustees;

NORTHERN CALIFORNIA GLAZIERS INDIVIDUAL ACCOUNT RETIREMENT TRUST FUND; and its JOINT BOARDS OF TRUSTEES; ROBERT WILLIAMS and CHRIS BAGATELOS, Trustees;

DISTRICT COUNCIL 16 NORTHERN CALIFORNIA JOURNEYMAN AND APPRENTICE TRAINING TRUST FUND, and its JOINT BOARD OF TRUSTEES; ROBERT WILLIAMS and JEANNIE SIMPELO, Trustees; and

I.U.P.A.T. UNION AND INDUSTRY NATIONAL PENSION FUND, and its JOINT BOARD OF TRUSTEES; KENNETH RIGMAIDEN, Trustee

       Plaintiffs,

Case No.

**COMPLAINT**

1

v.

SHUGART GLASS OF TEXAS, INC., a Texas Corporation dba ALPHA GLASS COMPANY,

    Defendant.

Parties

1. The District Council 16 Northern California Health and Welfare Trust Fund ("Health Fund"); Northern California Glaziers, Architectural Metal and Glass Workers Pension Trust Fund ("Pension Fund"); Northern California Glaziers Individual Account Retirement Trust Fund ("IARP Fund"); District Council 16 Northern California Journeyman and Apprentice Training Trust Fund ("Apprentice Fund"); and the IUPAT Union and Industry National Pension Fund ("National Fund") are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3). Robert Williams and Chris Bagatelos are Trustees, and fiduciaries, of the Pension Fund and the IARP Fund. Robert Williams and John Maggiore are Trustees, and fiduciaries, of the Health Fund. Robert Williams and Jeannie Simpelo are Trustees, and fiduciaries, of the Apprentice Fund. Kenneth Rigmaiden is a Trustee, and fiduciary, of the National Fund. The Pension Fund, Health Fund, IARP Fund, Apprentice Fund, National Fund, and their respective Trustees and fiduciaries, are collectively referred to herein as "ERISA Plaintiffs" or "Plaintiffs."

2. Shugart Glass of Texas, Inc., a Texas Corporation dba Alpha Glass Company, ("Defendant"), is an employer by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2). Plaintiffs are informed and believe that Defendant's status with the California Secretary of State is "Franchise Tax Board Suspended." Suspended corporations are not eligible to defend themselves in court actions. "A corporation which has its powers suspended pursuant to these sections lacks the legal capacity to prosecute or defend a civil action during its suspension. (*See ABA Recovery Services, Inc. v. Konold* (1988) 198 Cal.App.3d 720, 724 [244 Cal.Rptr. 27]; *Schwartz v. Magyar House, Inc*. (1959) 168 Cal.App.2d 182, 188 [335 P.2d 487].)" *Sade Shoe Co. v. Oschin & Snyder*, 217 Cal. App. 3d 1509, 1512-1513 (1990). A "corporation may not prosecute or defend an action, nor appeal

from an adverse judgment in an action while its corporate rights are suspended for failure to pay taxes." Reed v. Norman 48 Cal.2d 338, 343 (1957).

## Jurisdiction

3. Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

4. Jurisdiction exists in this Court over all the claims by virtue of the Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that Plaintiffs seek to enforce the terms and conditions of a valid Bargaining Agreement.

5. To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction..

## Venue

6. Venue is conferred upon this Court by § 502, 29 U.S.C. § 1132. Where an action is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found. ERISA Plaintiffs' Trust Funds are administered in this district at their principal place of business in Dublin, California. Thus, jurisdiction and venue are properly grounded with this Court.

7. Venue exists in this Court with respect to the claims under LMRA § 301, 29 U.S.C. § 185, as this Court has jurisdiction over the parties, as District Council No. 16 of the International Union of Painters and Allied Trades (the "Union") maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

## Intradistrict Assignment

8. The basis for assignment of this action to this court's Oakland Division is that all of the

events and omissions giving rise to Plaintiffs' claims occurred in the County of Alameda, where ERISA Plaintiffs' Funds and the Bargained Plans are administered, and where Defendant therefore failed to fulfill its statutory and contractual obligations to Plaintiffs.

Bargaining Agreement

9   Defendant entered into the Memorandum of Understanding with the Union ("Memorandum of Understanding"). Under the terms of the Memorandum of Understanding, Defendant agreed that with respect to all work performed by the Defendant within the jurisdiction of the Union, including but not limited to work performed on the AC2, Apple Campus, Defendant would abide by and honor the terms of the Northern California Glaziers Master Agreement ("Master Agreement") between the Union and the Northern California Glass Management Association, requiring employer contributions to Plaintiffs' ERISA Funds, to the Union for union dues, and to the other plans more fully described in the Bargaining Agreement. Plaintiffs are third party beneficiaries of the Bargaining Agreement. The Memorandum of Understanding and Master Agreement are hereinafter referred to as the "Bargaining Agreement." Defendant also acknowledged in the Memorandum of Understanding that fringe benefit contributions would be made at the rate, in the manner, and under the terms specified in the Bargaining Agreement or as may be instructed by the Trustees of the Plaintiff Trust Funds. Defendant also acknowledged in the Memorandum of Understanding that it is bound by and the Agreement and Declaration of Trust establishing the Glazier Defined Benefit Pension Fund and the Declaration of Trust establishing the I.U.P.A.T Union and Industry National Pension Fund, District Council 16 Health & Welfare Trust Fund, District Council 16 Northern California Journeyman & Apprentice Training Trust Fund and the Bay Area Glazier Pension Trust. Defendant also acknowledged in the Memorandum of Understanding that it is signatory to a collective bargaining agreement with District Council 88 Local Union 1778.

10.   Under the terms of the Bargaining Agreement, Plaintiffs' Trustees are authorized to collect monies due by Defendant to the following Entities: the Northern California Glass Management Association Industry Fund; the Painters and Allied Trades Labor-Management Cooperation Initiative ("LMCI"); the Skills, Safety, Supervisor & Survival Training Awards Recognition (STAR) Program, Inc.; the IUPAT Finishing Trades Institute; the IUPAT Labor-Management Cooperation Initiative; the

Work Preservation Fund; and the IUPAT Political Action Together-Political Committee (collectively referred to herein as the "Bargained Entities"). Plaintiffs' Boards of Trustees have been authorized to collect and distribute monies due to the Bargained Entities as well as dues due to the Union under the Bargaining Agreement and Trust Agreements.

11. Under the Bargaining Agreement and the governing documents of ERISA Plaintiffs (the "Trust Agreements"), which are incorporated into the Bargaining Agreement and made binding on Defendant, Defendant is required to regularly pay to ERISA Plaintiffs, the Bargained Entities, and the Union, certain sums of money, the amounts of which are determined by the hours worked by Defendant's employees. Contributions are due on the fifteenth (15th) day of the month following the month hours were worked, and considered delinquent if not received by the last day of that month. Defendant is also required, pursuant to the Bargaining and Trust Agreements, to pay liquidated damages in the amount of ten percent (10%) for each delinquent contribution, but in the amount of twenty percent (20%) for each delinquent contribution which is the subject of litigation. Moreover, the Bargaining and Trust Agreements provide that interest accrues on delinquent contributions at the rates reasonably set by the Trustees from the day contributions become delinquent, which is the first (1st) day of the month following the month in which payment was due, until paid.

12. The Bargaining Agreement further requires Defendant to maintain time records or time cards, and to submit any and all relevant records to Plaintiffs for examination to determine whether Defendant is making full and prompt payment of all sums required to be paid by it to Plaintiffs. Should an audit of Defendant's records reveal Defendant has failed to provide full and prompt payment of all sums due, Defendant must reimburse Plaintiffs for the amounts due, including audit fees, in addition to any other obligations pursuant to the Bargaining and Trust Agreements.

### Factual Allegations

13. Defendant has failed to comply with an audit of its payroll records for the period from January 1, 2016 through the date of inspection.

//

//

//

5

**COMPLAINT**
**Case No.**
P:\CLIENTS\GLACL\Alpha Glass\Pleadings\Alpha Glass - Complaint-revised.docx

14.     Defendants have also failed and refused to report and pay contributions reported as due for work performed by Defendants' employees during the months of April 2020 through June 2020. Liquidated damages and interest have been incurred and are owed to Plaintiffs for the unpaid contributions for these months.

15.     Plaintiffs are also entitled to recover any and all other contributions, and all liquidated damages and interest on delinquent contributions not specified above, found due on timecards, further audit, or otherwise, including estimated contributions for any months Defendant failed to report to Plaintiffs, through the time of Judgment. Plaintiffs reserve the right to conduct a further audit to determine whether there are any additional amounts due from Defendant.

**FIRST CAUSE OF ACTION**
**For Audit Compliance, Payment of Delinquent Contributions, Interest, Liquidated Damages, Attorneys' Fees and Costs Against Defendant**

16.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 15 above.

17.     Defendant has a contractual duty to timely pay the required contributions to Plaintiffs and the Bargained Plans, and to timely pay dues to the Union, pursuant to the Bargaining Agreement and Trust Agreements. Defendant also has a contractual duty under the Bargaining Agreement, and Trust Agreements incorporated therein, to permit an audit of its records to determine whether it is making full and prompt payment of all sums required to be paid by it to Plaintiffs, and to pay Plaintiffs all amounts found due as a result of an audit, including audit fees.

18.     In addition, Defendant has a statutory duty to timely make the required payments to Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

19.     By refusing to make the required payments to Plaintiffs, Defendant breached the Bargaining Agreement and is in violation of ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

20.     By refusing to permit an audit of its records, Defendant breached the Bargaining Agreement.

21.     Defendant's failure and refusal to permit the audit and pay the required contributions (if applicable) was at all times, and still is, willful. Defendant continues to breach the Bargaining Agreement, and incorporated Trust Agreements, by failing to permit the audit and pay all amounts owed as alleged. Said refusal is unjustified and done with knowledge and intent.

22. ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendant is ordered specifically to perform all obligations required on Defendant's part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, and the Bargaining and Trust Agreements, and is restrained from continuing to refuse to perform as required thereunder.

23. This Court is authorized to issue injunctive relief based on the traditional standard. As set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits. There is the possibility that ERISA Plaintiffs' Trust Funds and their participants will suffer irreparable injuries. The balance of hardships and advancement of public interest favor ERISA Plaintiffs.

24. This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendant. ERISA Plaintiffs expressly reserve the right to pursue any such withdrawal liability claims against Defendant as provided by ERISA Plaintiffs' Plan Documents, Trust Agreements, and the law.

<u>Prayer</u>

WHEREFORE, Plaintiffs pray as follows:

1. For a judgment against Defendant as follows:

   (a) Any unpaid contributions, due at time of Judgment, including those specified above as well as any other contributions determined as due by audit, timecards, or otherwise, including estimated contributions for any months Defendant fails to report to Plaintiffs, pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

   i. To ERISA Plaintiffs and the Bargained Entities, in accordance with ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreement;

   ii. To the Union in accordance with the Bargaining Agreement.

   (b) Liquidated damages on all late-paid and unpaid contributions in an amount provided for under the Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

   (c) Interest on all late-paid and unpaid contributions at the rates set in accordance with the Bargaining Agreement, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132

**COMPLAINT**
**Case No.**
P:\CLIENTS\GLACL\Alpha Glass\Pleadings\Alpha Glass - Complaint-revised.docx

1  (g)(2)(B).

2      2.      Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the Bargaining Agreement for all Bargained Entities; and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs.

    3.      For an order,

        (a)      requiring that Defendant comply with its obligations to Plaintiffs under the terms of the Bargaining Agreement and the Trust Agreements, including permitting an audit of its records as requested by Plaintiffs;

        (b)      enjoining Defendant from violating the terms of those documents and of ERISA; and;

        (c)      enjoining Defendant from disposing of any assets until said terms have been complied with, and from continuation or operating of Defendant's business until said terms have been complied with.

    4.      That the Court retain jurisdiction of this case pending compliance with its orders.

    5.      For such other and further relief as the Court may deem just and proper.

DATED: August 13, 2020          SALTZMAN & JOHNSON LAW CORPORATION

By: _____/S/_____
Jessica N. Melgar
Attorneys for District Council 16 Northern
California Health and Welfare Trust Fund, et al.

**COMPLAINT**
**Case No.**
P:\CLIENTS\GLACL\Alpha Glass\Pleadings\Alpha Glass - Complaint-revised.docx