UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SHUGART GLASS OF TEXAS, INC.,<br><br>Defendant. | Case No. 20-cv-05656-KAW<br><br>**ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT; DENYING MOTION FOR DEFAULT JUDGMENT AS MOOT**<br><br>Re: Dkt. Nos. 18, 25 |

On August 13, 2020, Plaintiffs filed the instant case against Defendant Shugart Glass of Texas, Inc., alleging that Defendant failed to comply with an audit of its payroll records and pay contributions for hours worked by its employees, as required by the Bargaining and Trust Agreements and the Employee Retirement Insurance Security Act ("ERISA"). (Compl. ¶¶ 12-14.) After Defendant failed to answer, default was entered on November 23, 2020. (Dkt. No. 12.)

Plaintiffs now move for default judgment, while Defendant moves to set aside entry of default. (Pl.'s Mot. for Default J., Dkt. No. 18; Def.'s Mot. to Set Aside, Dkt. No. 25.) The Court deemed this matter suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b) and vacated the May 20, 2021 hearing. (Dkt. No. 37.) Upon consideration of the parties' filings and the relevant legal authorities, the Court GRANTS Defendant's motion to set aside entry of default and DENIES Plaintiffs' motion for default judgment.

## I. BACKGROUND

On August 13, 2021, Plaintiffs filed the instant case against Defendant. (Dkt. No. 1.) On September 14, 2020, Defendant was served with the complaint by personal service. (Dkt. No. 9.) After Defendant failed to file an answer, Plaintiffs moved for entry of default. (Dkt. No. 11.) On

November 23, 2020, the Clerk of the Court entered default as to Defendant. (Dkt. No. 12.)

On March 20, 2021, Plaintiffs filed a motion for default judgment. On April 9, 2021, Defendant filed the instant motion to set aside entry of default, stating that due to the COVID-19 pandemic and financial hardship, Defendant "could not afford to timely engage counsel." (Def.'s Mot. to Set Aside at 4.) Defendant also filed an opposition to Plaintiff's motion for default judgment. (Dkt. No. 30.) On April 23, 2021, Plaintiffs filed an opposition to the motion to set aside entry of default. (Pls.' Opp'n, Dkt. No. 35.) On April 30, 2021, Defendant filed its reply. (Def.'s Reply, Dkt. No. 36.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) permits the Court "to set aside an entry of default for good cause . . . ." In determining "good cause," the Court typically considers three factors:

> (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party.

*United States v. Signed Personal Check No. 730 of Yurban S. Mesle (Mesle)*, 615 F.3d 1085, 1091 (9th Cir. 2010) (internal modifications omitted). Because this standard "is disjunctive, . . . a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id.* At the same time, the Ninth Circuit has long emphasized that "judgment by default is a drastic step appropriate only in extreme circumstances; a court should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). Moreover, while the same "good cause" test applies to motions seeking relief from entry of default under Rule 55(c) and default judgment under Rule 60(b), "the test is more liberally applied in the Rule 55(c) context . . . because . . . there is no interest in the finality of the judgment with which to contend." *Mesle*, 615 F.3d at 1091 n.1 (internal citation omitted).

## III. DISCUSSION

### A. Culpable Conduct

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Grp. Life Ins. Plan v. Knoebber*, 244

F.3d 691, 697 (9th Cir. 2001) (internal quotation omitted), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 147-50 (2001). To be "intentional," the "movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Mesle*, 615 F.3d at 1092; *see also TCI Grp.*, 244 F.3d at 698 ("a defendant's conduct was culpable . . . where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond").

Here, Defendant asserts that its failure to respond was not culpable because it could not afford an attorney to answer the complaint until now. (Def.'s Mot. to Set Aside at 4.) Plaintiffs do not challenge this claim; instead, Plaintiffs fault Defendant for not responding to Plaintiffs' attempts to communicate prior to litigation. (Pls.' Opp'n at 8.) Plaintiffs, however, cite no authority that a defendant can be culpable based on actions taken *before* the lawsuit was filed.

Further, Plaintiffs' citation to *Board of Trustees v. Westech Roofing* is readily distinguishable. (*See id.* at 7-8.) There, the district court found that the defendant was culpable where the defendant admitted that it "misplaced or threw away the complaint" before simply "forg[etting] about it." Case No. 12-cv-5655-JCS, 2014 U.S. Dist. LEXIS 1064, at *4 (N.D. Cal. Jan. 6, 2014). Further, the district court observed that the plaintiffs had already filed eight separate actions against the defendant to enforce its ERISA obligations. *Id.* In the instant case, however, there is neither evidence that Defendant simply ignored the complaint nor a lengthy litigation history. Defendant states, and Plaintiffs do not dispute, that it did not timely answer because it could not hire an attorney. The Court finds no culpability.

### B. Meritorious Defense

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." *TCI Grp.*, 244 F.3d at 700. This burden "is not extraordinarily heavy." *Mesle*, 615 F.3d at 1094; *see also TCI Grp.*, 244 F.3d at 700 (explaining the "minimal nature of the burden"). Instead, "[a]ll that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense." *Mesle*, 615 F.3d at 1094.

3

1       Here, Defendant states that it has a meritorious defense because it did not perform any
2   work after February 2016 that would trigger an obligation to pay contributions. (Def.'s Mot. to
3   Set Aside at 5.) Plaintiffs, in turn, complain that if this was true, Defendant should not have
4   ignored their requests for information through their auditor and counsel prior to filing suit. (Pls.'
5   Opp'n at 8-9.) While Plaintiffs are correct that this could have prevented the instant suit from
6   being filed, this does not render Defendant's defense unmeritorious. If Defendant did not work
7   hours for which Plaintiffs now seek contributions, Defendant presumably would not be required to
8   pay any contributions. It is also unclear if Defendant must submit to the audit process when it has
9   not performed any work after February 2016. (Def.'s Reply at 4.) Accordingly, the Court finds
10  that Defendant has presented specific facts that would constitute a meritorious defense.

### C. Prejudice

Finally, the parties dispute whether Plaintiffs would be prejudiced if the entry of default is set aside. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, the standard is whether plaintiff's ability to pursue his claim will be hindered." *TCI Grp.*, 244 F.3d at 701 (internal quotation omitted).

Here, Plaintiffs argue that they will be prejudiced because they have incurred attorney's fees and costs in prosecuting this action. (Pl.'s Opp'n at 9.) Again, Plaintiffs fault Defendant for failing to respond to their requests for information prior to the litigation being filed. (*Id.*) Plaintiffs, however, cite no authority that incurring attorney's fees constitutes prejudice. Such prejudice alone has typically not been determinative in a motion to set aside default, although the Court has discretion to condition setting aside entry of default on payment of attorney's fees and costs incurred. *See Abbate Family Farms Ltd. v. Leo L. Cotella & Co.*, Case No. 09-cv-4836-JSW, 2010 U.S. Dist. LEXIS 23223, at *6 (N.D. Cal. Feb. 23, 2010) (finding no prejudice where the plaintiff asserted that it had expended substantial money to prosecute the case); *Hawkins v. Bank of Am., N.A.*, Case No. 17-cv-1954-BAS-AGS, 2018 U.S. Dist. LEXIS 118393, at *8 (S.D. Cal. July 16, 2018) ("incurring additional time and expense in litigating a case on the merits is not prejudice that precludes setting aside a procedural default"). Moreover, there is no suggestion that the delay will cause loss of evidence, increase difficulties of discovery, or otherwise hinder

Plaintiffs' ability to pursue their claims. *See Hawkins*, 2018 U.S. Dist. LEXIS 118393, at *8. The Court finds that setting aside entry of default will not cause prejudice to Plaintiff.

### D. Attorney's Fees and Costs and Audit

Plaintiffs request that the Court condition setting aside entry of default on the payment of attorney's fees and costs, as well as requiring Defendant to comply with the audit. (Pls.' Opp'n at 9-10.) The Ninth Circuit has recognized that district courts have discretion to place conditions on the setting aside of a default, in order to rectify any prejudice suffered by the non-defaulting party as a result of the default. *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. La. Hydroelec.*, 854 F.2d 1538, 1546 (9th Cir. 1988). Thus, some courts have conditioned setting aside entry of default on payment of attorney's fees, particularly when the court found that the defendant's behavior, while not culpable, was problematic. *See Walpex Trading Co. v. Yacimientos Petroliferos Fiscales Bolivianos*, 109 F.R.D. 692, 698 (S.D.N.Y. 1986) (requiring payment of attorney's fees and costs where there was a one-year delay because the defendant's attorneys ignored the complaint and assumed that management would handle it).

The Court declines to require the payment of attorney's fees and costs. This is not a case where Defendant's actions regarding responding to the complaint were problematic. Rather, Defendant states that it did not respond to the complaint because it could not afford counsel; as a corporation, Defendant could not appear in court without counsel. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993).

Plaintiffs also request, in the section header, that Defendant be required to comply with the audit as a condition of setting aside the default. (Pl.'s Opp'n at 9.) Plaintiffs, however, provide no argument on the matter. (*See id.* at 9-10; Def.'s Reply at 5 n.3.) Further, there appears to be a dispute as to the propriety of an audit years after Defendant allegedly completed its work in the jurisdiction. (*See* Def.'s Reply at 4.) Thus, the Court also declines to require that Defendant comply with the audit.

### IV. CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's motion to set aside entry of default. Defendant is directed to file its responsive pleading within **fourteen days** of the date of

this order; if Defendant fails to timely file its responsive pleading, Plaintiff may, again, move for entry of default.

The motion for default judgment is DENIED as moot.

IT IS SO ORDERED.

Dated: May 20, 2021

KANDIS A. WESTMORE
United States Magistrate Judge