UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SHUGART GLASS OF TEXAS, INC., <br><br> Defendant. | Case No. 20-cv-05656-KAW <br><br> **ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE** <br><br> Re: Dkt. No. 90 |

On January 10, 2025, Plaintiffs filed a motion for default judgment, seeking the balance of payments due under a settlement agreement between the parties, as well as attorney's fees. (Dkt. No. 90.) The Court deems this matter suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b), and VACATES the March 6, 2025 hearing.

Plaintiffs' motion focuses primarily on Defendant's obligations under the settlement agreement, including seeking interest on the balance due pursuant to the settlement agreement's terms. As the Court pointed out in its February 12, 2025 order requiring a supplemental declaration, however, the only claim in this case is for unpaid contributions, not for the enforcement of a settlement agreement. (Dkt. No. 98 at 1.) While Plaintiffs argue that the amounts due under the settlement agreement are also owed under the complaint, it is not clear all the calculations are the same. For example, Plaintiffs rely on the settlement agreement to seek interest on the entire balance due under the settlement agreement. (Dkt. No. 90 at 13-14.) Plaintiffs do not identify what terms of the relevant Trust Agreements would permit such interest, particularly when the unpaid contributions were only $1,106.75 and the balance of the settlement agreement includes liquidated damages, interest, attorney's fees, and audit fees. (*See* Supp.

Mendoza Decl. ¶ 4, Dkt. No. 99.)

Ultimately, it is not the Court's responsibility to sua sponte determine the legal basis for the relief sought or calculate damages. Accordingly, the Court DENIES Plaintiffs' motion for default judgment without prejudice. Plaintiffs may file a renewed motion for default judgment within 30 days of the date of this order, which shall focus on the relief due under the complaint. In the alternative, Plaintiffs may file a motion to enforce the settlement agreement.

The Court notes that in its review of Plaintiffs' attorney's fees request, Plaintiffs included significant amounts of clerical work that is not compensable. *See Rodgers v. Claim Jumper Rest., LLC*, No. 13-CV-5496 YGR, 2015 U.S. Dist. LEXIS 54164, at *25 (N.D. Cal. Apr. 24, 2015) ("purely secretarial or clerical tasks are generally not recoverable in a motion for attorney's fees and should instead be considered a part of normal overhead costs"); *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (agreeing that the "filing, transcript, and document organization time was clerical in nature and should have been subsumed in firm overhead rather than billed at paralegal rates"); *CNC Software, Ltd. Liab. Co. v. Glob. Eng'g Ltd. Liab. Co.*, No. 22-cv-02488-EMC, 2023 U.S. Dist. LEXIS 83880, at *26 (N.D. Cal. May 12, 2023) (reducing time spent for clerical tasks including calendaring). Other tasks seemed entirely unnecessary; for example, Paralegal Shaghasi states she spent time drafting Hallenbeck's and Christophersen's declarations on November 18, 2024, but the declarations provided with the default judgment motion were previously submitted on March 20, 2021. In other words, no new declarations were filed. Plaintiffs are directed to carefully review any attorney's fees request and remove all non-compensable time.

IT IS SO ORDERED.

Dated: March 4, 2025

_____
KANDIS A. WESTMORE
United States Magistrate Judge